IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,647-01






EX PARTE RAKESH PERWANI








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. W03-71770-Q(A) IN THE 204TH DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.



O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of
sexual assault and sentenced to fifteen years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Perwani v. State, No. 05-04-00028-CR (Tex. App. - Dallas, March 11, 2005, pet.
ref'd).

 This Court first received the habeas record on October 17, 2007. Since then, this Court has
received supplemental records from the district clerk, including an amended application that
Applicant designated as a replacement of the first application. Several of the claims in the amended
application closely resembled the claims that were raised in the first application, but the amended
application included several claims of ineffective assistance of trial counsel that were not raised in
the first application.

 In the amended application, Applicant contends, inter alia, that his trial counsel rendered
ineffective assistance because counsel failed to: (a) object to the absence of a parole law jury
instruction at punishment phase; (b) object to repeated instances of the State referring to the
complainant and the complaining witness as "victims" during voir dire and trial; (c) request a
limiting instruction at the first opportunity upon the admission of extraneous offense evidence; and
(d) object to the admissibility of, and file a motion to suppress, evidence recovered from Applicant's
apartment on the basis that law enforcement officers had no authority to enter the apartment because
the search warrant merely gave them authority to obtain a saliva sample from Applicant. It appears
that trial counsel has not had an opportunity to respond to these claims.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with an opportunity to respond to Applicant's additional
claims of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing,
it shall determine whether Applicant is still represented by counsel, and if he is not, the trial court
shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code
Crim. Proc. art. 26.04. 

 Following the receipt of additional information, the trial court shall make findings of fact as
to whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 8, 2008

Do not publish